**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4351**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

FRANK DAMON SNYDER, a/k/a Frank Damon Snider,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District
Judge.  (8:03-cr-00194-DKC-5)

Submitted:  December 3, 2012     Decided:  December 14, 2012

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington,
Virginia, for Appellant.  Deborah A. Johnston, Chan Park,
Assistant United States Attorneys, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Damon Snyder was convicted by a jury in 2004 of conspiracy to distribute powder cocaine, cocaine base (crack), and PCP, and was initially sentenced to 360 months' imprisonment. Snyder appealed his conviction and sentence. We affirmed his conviction, but vacated the sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the district court reimposed the 360-month sentence. Snyder again appealed his sentence; however, before appellate briefs were filed, he moved for a remand and resentencing in light of Kimbrough v. United States, 552 U.S. 85, 108 (2007). We granted a limited remand for this purpose. While Snyder was awaiting resentencing, the district court reduced his sentence to 324 months on its own motion pursuant to 18 U.S.C. § 3582(c)(2) (2006).

For reasons that are not clear from the record, Snyder was not resentenced until April 2012, when the district court rejected his attempt to challenge the determination of his offense level and criminal history category, finding relitigation of those issues barred by the mandate rule. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). In recognition of Snyder's rehabilitative conduct while incarcerated and the remaining disparity in sentencing for crack offenses, the district court varied below the Guidelines range and imposed a

2

sentence of 300 months. The court declined to impose a lower sentence because of the large quantities of drugs involved in the offense and stated that it would impose the same sentence even if Snyder were in criminal history category III rather than category IV.

Snyder now appeals his 300-month sentence. Snyder's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in her opinion, there are no meritorious issues for appeal, but questioning whether the district court unconstitutionally considered certain facts, misapplied the Sentencing Guidelines, or failed to comply with 18 U.S.C. § 3553(a) (2006). Snyder was advised of his right to file a pro se supplemental brief, but did not file one.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. A sentence within or below a properly

3

calculated Guidelines range is substantively reasonable.  United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).  We have reviewed the record and conclude that Snyder's sentence is both procedurally and substantively reasonable.

In accordance with Anders, having reviewed the entire record in this case and having found no meritorious issues for appeal, we affirm the sentence.  This court requires that counsel inform Snyder, in writing, of his right to petition the Supreme Court of the United States for further review.  If Snyder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Snyder.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED